UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA SPAHN,

          Plaintiff,

-vs-                                Case No.   2:11-cv-452-FtM-29SPC

ALICO LODGING L.L.C,  a Florida limited
liability company, TWENTY/TWENTY
WORLDWIDE HOSPITALITY, a Florida limited
liability company,

          Defendants.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Plaintiff, Sandra Spahn and the Defendant, Alico Lodging, LLC.'s Joint Motion and Stipulation for Dismissal with Prejudice (Doc. #21) filed on January 1, 2012.  The Parties indicate they have reached a settlement of the Plaintiff's claims against the Defendant and seek approval of the agreement.

      This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq*. The Parties have reached a settlement agreement and seek court approval of that agreement.  In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-55 (11th Cir. 1982),  the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."   There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53.  The first is under 29 U.S.C.

§216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

<u>Id.</u> at 1354.

In this case, the parties have agreed to a settlement amount, with a compromise reached between the parties regarding compensation of her FLSA claim with no compromise, of $15,000.00 to be paid out as follows. The Plaintiff, Sandra Spahn will receive $4,055.00, less applicable deductions, in consideration towards her alleged back wages. Additionally, the Plaintiff will receive $4,055.00 in liquidated damages. Counsel for the Plaintiff, Shavitz Law Group, P.A., shall receive $6,890.00 in attorney's fees and costs. The joint motion indicates that the attorney's fees were negotiated separately from the Plaintiff's settlement without regard to the amount paid to the Plaintiff in settlement of her FLSA claim.

Plaintiff and Defendant agree that the Settlement Agreement (Doc. #20-1) is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Because the Parties inform the Court that the terms of the settlement were made, with compromise, for all the work the Plaintiff performed on the Defendant's behalf, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, it is now

**RECOMMENDED:**

Sandra Spahn and the Defendant, Alico Lodging, LLC.'s Joint Motion and Stipulation for Dismissal with Prejudice (Doc. #21) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court.

It is further respectfully recommended, the case should be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file..

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this ___5th___ day of January, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record